UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:

CHARLES R. DOUGLAS and                    Case No.:  6:12-bk-03664-CCJ
ROSEMARY A. DOUGLAS                       Chapter 7

        Debtors.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## PURSUANT TO RULE 9019, FED. R. BANKR. P.

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional 3 days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Ryan E. Davis, PO Box 880, Winter Park, FL 32790-0880, Arvind Mahendru, Trustee, 5703 Red Bug Lake Road, Suite 284, Winter Springs, FL 32708 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

ARVIND MAHENDRU, as the Chapter 7 Trustee for the Estate of Charles R. Douglas and

Rosemary A. Douglas, through counsel, and Debtors, CHARLES R. DOUGLAS and ROSEMARY

A. DOUGLAS ("Debtors"), through counsel, and pursuant to Rule 9019(a), Fed. R. Bankr. P., move

to approve the settlement agreement between the parties, and state as follows:

## *Introduction*

1.      On March 20, 2012, Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Arvind Mahendru is the duly appointed and acting chapter 7 Trustee.

## *Jurisdiction and Venue*

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(e) and (f).  Venue of this matter is appropriate with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## *Summary of the Facts*

4.      Debtors' Schedule A list the Debtors' interest in real property described in the petition as:

> Situated in the City of Tallmadge County of Summit and State of Ohio: and known as being a part of Lot 7 in Tract 4, formerly Tallmadge Township and as listed on Schedule "A" and "B" of the Debtors' Petition (the "Real Property").

5.      According to the Debtors' Schedules, the Real Property has an approximate fair market value of $124,500.

6.      At the time of the filing of the bankruptcy petition, the Trustee understood that the Real Property did not have any equity due to a judgment lien by virtue of a Final Judgment, dated October 28, 2011 ("Final Judgment"). Unbeknownst to the Trustee, a basis existed to vacate the Final Judgment.   The Debtor ultimately succeeding in vacating the lien through a Motion to Vacate Judgment Lien.

7.      On January 20, 2013, the Trustee filed his Report and Notice of Intention to Abandon Property of the Estate (Doc. 26) ("Notice of Abandonment").

### The Controversy

8.      On May 27, 2016, the Trustee filed a Motion to Revoke Notice of Intent to Abandon

Property of the Estate (Doc. No. 80) and on June 9, 2016 the Debtors filed and Objection to Trustee's

Motion to Revoke Abandonment or in the Alternative Motion to Make Debtors Whole (Doc. No.

81) (the "Dispute").

9.      The Trustee maintains that he would not have filed his Report and Notice of Intention

to Abandon Property of the Estate if he knew of the Debtors' intention to bring a proceeding in Ohio

to vacate the judgment lien on the Real Property. No such cause of action was identified in the

Debtors' Schedules.

10.     Conversely, the Debtors contend that: (1) the voluntary abandonment is irrevocable;

and (2) the Trustee had sufficient information at the time of the Notice to Abandonment related to

the potential challenge to the judgment lien.

### The Compromise

11.     In an attempt to settle the Dispute, and in light of the time and risk involved in

litigating this matter, the parties have engaged in settlement discussions and negotiations.  These

negotiations have produced an agreement to settle the Dispute as follows:

     a.    Within ten (10) days of filing of this Motion, Debtors shall list the Real
Property for sale with a licensed realtor under a four (4) month listing.  The
Debtors shall set the sales price based upon consultation with the licensed
realtor, subject to the consent and approval of the Trustee. To the extent the
parties cannot agree upon the sales price, the Debtor shall obtain an appraisal
or broker's opinion of value and may list the property for the appraised value,
subject to a variance of fifteen percent (15%).  The Debtors shall make good
faith efforts, with the assistance of a realtor, to market and sell the Real
Property and shall keep the Real Property listed until a sale is consummated.
The Debtors may modify the   sales price, subject to approval by the Trustee.
The Debtors shall obtain the Trustee's approval prior to entry into any sales
contract to sell the RealProperty unless the sales price equals the listed price,
subject to a ten (10) percent variance, as agreed upon by the parties or as

determined based upon the appraisal or broker's opinion of value. The Debtor shall present any offers or contracts to the Trustee for consideration.

b.      At closing of the sale of the Real Property, the Trustee shall receive twenty-five percent (25%) of the net proceeds from the sale of the Real Property. Net proceeds shall equal the sales price less commission, closing costs, and reimbursement of Debtors or their counsel for actual costs incurred, capped at $10,000, for repairs to the Real Property, related to roof and water damage. The Debtors shall instruct the closing agent to make the twenty-five percent (25%) disbursement to the Trustee. To the extent of any judgment liens against the property, the proceeds of the sale shall be held in escrow by Debtor's counsel pending a resolution of any challenges to any such liens.

c.      The Debtors and the Trustee retain any and all rights to challenge any liens against the Real Property.

d.      To the extent the Trustee incurs fees in challenging any liens against the Real Property, the Trustee is entitled to surcharge the Real Property or the proceeds thereof , to the extent of $7,500, for reasonable fees incurred in challenging any liens against the property, to the extent not reimbursed by the judgment lien holder.

e.      The sale shall not be to an insider unless approved by the Trustee.

f.      Upon approval of the compromise, Trustee shall withdraw the Motion to Revoke Notice of Intent to Abandon Property of the Estate (Doc. No. 80), as moot, based upon the compromise between the parties.

g.      The Debtors represent that the Real Property is owned free and clear of any liens and encumbrances other than an existing judgment lien by Sutton, which the Debtors have represented is subject to avoidance based upon lien being filed after discharge and which Debtors will seek to avoid. This representation is a material inducement into the entry of this compromise.

h.      The Debtors agree not to encumber the Real Property.

i.      If Real Property does not sell within the four (4) month listing period, then the parties will work in good faith to establish a new purchase price. The parties will work in good faith to modify the sales price during the list term if there is a lack of activity with respect to the listing.

The signature of the parties below signifies their asset to the terms herein (the "Compromise").

### *Applicable Law*

12.     By this Notice, the Trustee seeks Court approval of the Compromise pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which authorizes a Bankruptcy Court to approve a compromise or settlement. The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement only if it is fair and equitable and in the best interest of the estate. *In re Kay,* 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (Briskman, J.).

13.     Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Rule 9019(a). These factor include: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it (which should also include the possibility that denial of the settlement will cause depletion of estate assets); and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Justice Oaks, II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied sub nom., Wallace V. Justice Oaks, II, Ltd.,* 498 U.S. 959 (1990); *In re Kay,* 223 B.R. at 820.

### *Best Interest of the Estate*

14.     The Agreement between Trustee and the Debtors is in the best interest of the estate because it relieves the estate from additional costs and expenses involved with litigation. The settlement amount allows an immediate payment into the estate upon the sale of the Real Property, without the risks and costs of further litigation.

15.     Accordingly, Trustee submits that the Agreement is within the best interest of the Debtors' estate and seeks the entry of an Order approving the Agreement.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) approving

the Agreement absent objection; (ii) reserving jurisdiction to enforce the terms and conditions of the Compromise and to otherwise resolve any disputes under or pertaining to the Compromise, and (iii) providing for such other and further relief as the Court deems just and proper if an objection is lodged.

Dated March 31, 2017.

/s/ Ryan E. Davis
Ryan E. Davis, Esquire
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD**
**& WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728
Attorneys for Arvind Mahendru, Trustee

Arvind Mahendru

By:
As: Personal Representative of the estate of
Charles Douglas

Rosemary Douglas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2017, a copy of the foregoing has been furnished via:

*Electronic Transmission to:*

Compromise and to otherwise resolve any disputes under or pertaining to the Compromise, and (iii)

providing for such other and further relief as the Court deems just and proper if an objection is

lodged.

Dated ~~January~~ March 31, 2017.


/s/ Ryan E. Davis
Ryan E. Davis, Esquire
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD
& WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728
Attorneys for Arvind Mahendru, Trustee


Arvind Mahendru

By:
As: Personal Representative of the estate of
Charles Douglas

Rosemary Douglas


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2017, a copy of the foregoing has
been furnished via:

*Electronic Transmission to:*

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100,

Orlando, Florida 32801
Arvind Mahendru, Trustee, 5703 Red Bug Lake Road, Suite 284, Winter Springs, Florida 32708
Larry D. Shenise, Esquire, PO Box 471, Tallmadge, Ohio 44278
John J. Tripodi, Esquire, The Tripodi Law Firm, PA, 1516 E. Colonial Drive, Suite 305, Orlando, Florida 32803

*U.S. Mail to:*

Charles R. Douglas and Rosemary A. Douglas, 3441 Dixon Lane, The Villages, Florida 32162
All creditors and parties of interest listed on the mailing matrix attached hereto

/s/ *Ryan E. Davis*
Ryan E. Davis, Esquire

Label Matrix for local noticing
113A-6
Case 6:12-bk-03664-CCJ
Middle District of Florida
Orlando
Fri Mar 31 16:30:45 EDT 2017

James M Campbell
2717 Manchester Road
Akron, OH 44319-1020

Charles R. Douglas
3441 Dixon Lane
The Villages, FL 32162-7149

Rosemary A. Douglas
3441 Dixon Lane
The Villages, FL 32162-7149

Timothy H Hanna
388 South Main Street
Suite 402
Akron, OH 44311-1045

Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE Second Avenue, Ste 1120
Miami, FL 33131-1605

Rodd Sutton
c/o Leiby, Hanna & Rasnick
388 S. Main St., Suite 402
Akron, OH 44311-1045

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

American InfoSource LP as agent for -
DIRECTV, LLC
Mail Station N387
2230 E Imperial Hwy
El Segundo, CA 90245-3504

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A. -
PO Box 71083
Charlotte, NC  28272-1083

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

James Campbell, Esq.
2717 Manchester Road
Akron, OH 44319-1020

Larry D. Shenise, Esq.
P.O. Box 471
Tallmadge, OH 44278-0471

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Rodd Sutton -
441 Stanford Street
Akron, OH 44314-3647

Sumter County Tax Collector
209 North Florida Street
Bushnell FL 33513-6146

Timothy H. Hanna, Esq.
388 S. Main Street
Suite 402
Akron, OH 44311-1045

Victoria Douglas
5381 Admiral Way
Oxford, FL 34484-3703

Ryan E Davis +
Winderweedle Haines Ward & Woodman P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789-7421

United States Trustee - ORL7/13 +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Randy E Hillman +
Randy Hillman, PA
1073 Willa Springs Drive, #2029
Winter Springs, FL 32708-6625

Leyza F Blanco +
GrayRobinson PA
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131-2191

Larry D Shenise +
Post Office Box 471
Tallmadge, OH 44278-0471

John J Tripodi +
The Tripodi Law Firm, PA
1516 E. Colonial Drive
Suite 305
Orlando, FL 32803-4732

Arvind Mahendru +
5703 Red Bug Lake Road
Suite 284
Winter Springs, FL 32708-4969

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g) (4).

American Honda Finance Corp
PO Box 1027
Alpharetta, GA 1027

(d)American Honda Finance Corp.
P.O. Box 1027
Alpharetta, GA 30009-1027

(d)American Honda Finance Corporation -
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)James M Campbell
2717 Manchester Road
Akron, OH 44319-1020

(d)Timothy H Hanna
388 South Main Street
Suite 402
Akron, OH 44311-1045

(u)Brian Richards

(u)Randi L Richards

(u)6:12-bk-03664

(d)Larry D Shenise +
Post Office Box 471
Tallmadge, OH 44278-0471

(u)Cynthia C. Jackson +
Orlando

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
-----------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients     26
Bypassed recipients      8
Total                   34