UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                                                  Case No.:  6:12-bk-03664-CCJ
                                                                        Chapter 7
CHARLES R. DOUGLAS and
ROSEMARY A. DOUGLAS

           Debtors.
_____/

**FINAL APPLICATION OF WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A., FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AS SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE**

COMES NOW, WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A. ("WHWW"), as special counsel to ARVIND MAHENDRU, Chapter 7 Trustee ("Trustee"), and hereby submits its final application for award of attorneys' fees and expenses, pursuant to 11 U.S.C. § § 327, 330, and 503(b)(2), in the amount of $16,591.01 in fees and $17.55 in expenses for a total award sought of $16,608.56, and in support of this Application states:

**I. GENERAL INFORMATION CONCERNING THIS APPLICATION**

1.      This is a final Application for services rendered by WHWW as special counsel to the Trustee in this case.  No interim amounts have been sought, nor have any interim fees been paid.

2.      The services performed for which compensation is sought were performed between February 8, 2016, and December 31, 2017.

3.      The Trustee has had the opportunity to review the application and has approved the requested amount.

## II. BACKGROUND AND SUMMARY OF WHWW'S EFFORTS

4. On March 20, 2012, Debtors commenced the above-captioned Bankruptcy case with the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

5. Pursuant to an Order of the Court entered on February 24, 2016 (Doc. No. 77), the firm of Winderweedle, Haines, Ward & Woodman, P.A., was employed as special counsel to assist the Trustee with the recovery and liquidation of certain real property and other related legal services as were required in this case.

6. WHWW assisted the Trustee in reaching a settlement with the Debtors related to real property owned by the Debtors located at 1073 Morningview Ave., Tallmadege, Ohio ("Real Property"), which resulted in the Trustee recovering $28,480.03 for the benefit of the estate from the sale of the Real Property, plus $5,199 for payment of hourly fees related to the avoidance of a certain lien. Under WHWW's Employment Application, it requested a 40% contingency fee, which would equal $11,392.01, plus $17.55 in costs. In addition, pursuant to the settlement reached, WHWW is entitled to $5,199.00, for fees incurred in avoiding a lien against the Real Property held by Rodd Sutton, which fees were paid from the sale of the Real Property, in addition to the $28,480.03.

## III. DESCRIPTION OF WHWW'S SERVICES

7. The bulk of WHWW's representation dealt with revoking the Notice of Intent to Abandon Property of the Estate and reaching a settlement with the Debtors regarding the Real Property. At the time of the filing of the bankruptcy petition, the Trustee understood that the Real Property did not have any equity due to a judgment lien by virtue of a Final Judgment, dated October 28, 2011 ("Final Judgment"). Unbeknownst to the Trustee, a basis existed to vacate the Final Judgment. The Debtor ultimately succeeded in vacating the lien through a Motion to Vacate Judgment Lien.

8.      On January 20, 2013, the Trustee, unaware of any basis to vacate the lien, filed his Report and Notice of Intention to Abandon Property of the Estate (Doc. No. 26).

9.      On May 27, 2016, WHWW filed a Motion to Revoke Notice of Intent to Abandon Property of the Estate (Doc. No. 80)("Motion to Revoke"). Counsel for the Debtors denied that there was any basis to revoke the Notice of Intent to Abandon and objected to the Trustee's Motion to Revoke.

10.     After lengthy negotiations, on March 31, 2017, counsel for Trustee filed a Joint Motion to Approve Settlement Pursuant to Rule 9019, Fed. R. Bankr. P. (Doc. No. 85) and on April 28, 2017, this Court entered an Order Granting Joint Motion to Approve Settlement Pursuant to Rule 9019, Fed. R. Bankr. P. (Doc. No. 87). The settlement had two components: (1) the Debtors would sell the Real Property under the conditions agreed upon with the Trustee and remit 25% of the net proceeds to the estate; and (2) the Trustee would assist in avoiding a second judgment lien, with those fees to be paid from the sale (above and beyond the 25% carve-out), capped at $7,500.

11.     On September 28, 2017, WHWW filed a Complaint for Damages and Declaratory Relief ("Complaint") (Doc. No. 1) against Rodd Sutton, for damages, avoidance of lien, and declaratory relief (Adversary Proceeding No.: 6:17-ap-00117-CCJ)(the "Sutton Adversary Proceeding").

12.     The Complaint sought to void the judgment lien that was recorded after the bankruptcy filing and in violation of the discharge injunction.

13.     On December 1, 2017, a Partial Default Final Judgment was entered against Defendant, Rodd Sutton, which released and deemed void the judgment lien against the Real Property. The Trustee's counsel incurred $5,199.00 in fees and costs related to the Sutton Adversary Proceeding, as reflected by the transaction detail, a copy of which is attached hereto as **Exhibit "A,"**

which was remitted to the estate from the sale of the Real Property, in addition to the 25% carve-out.

14. Below is an itemization of expenses incurred in this matter:

| EXPENSES INCURRED | |
|---|---:|
| Lexis Computer Research: | $17.55 |
| **Total:** | **$17.55** |

15. Pursuant to Rule 2016(a), Federal Rules of Bankruptcy Procedure, WHWW represents that no agreement has been made to share any compensation to be received in this case with any other parties, except for professional employees of WHWW.

### IV. FEE APPLICATION GUIDELINES

In connection with this fee application, WHWW submits as follows:

16. All services for which compensation is requested were performed on behalf of the Trustee and not on behalf of any committee, creditor, or other person and did not duplicate those of the Trustee.

17. The valuation of the WHWW's services in this matter should be based on the following factors enumerated in *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990), and *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977):

    a. <u>Time and Labor Required</u>: WHWW took this matter, in part, on a contingency basis, and in part, on an hourly basis. The contingency work related to the prosecution of the Motion to Revoke, which was contested. WHWW incurred 36.60 hours related to that work and resulting settlement, but that work was performed on a contingency basis. With respect to the hourly representation, WHWW incurred 18 hours of time related to the prosecution of the adversary complaint to have the judgment lien against the Real Property vacated, as reflected on Exhibit "A."

    b. <u>Novelty and Difficulty of Questions</u>: The services performed by WHWW

involved a settlement for the benefit of the estate related to the sale of Real Property and avoiding a judgment lien.

      c.    <u>Skills Requisite to Perform the Legal Services Properly</u>: WHWW is a full service firm with a department specializing in bankruptcy and WHWW performed the services for the Trustee to the best of its ability.

      d.    <u>Preclusion of Other Employment by Attorney</u>: This case did not preclude WHWW from other employment.

      e.    <u>Customary Fee</u>: The fee requested by WHWW is its customary fee when performing these services.

      f.    <u>Whether the Fee is Fixed or Contingent</u>: Pursuant to the Order Approving Trustee's Application for Authority to Employ Winderweedle, Haines, Ward & Woodman, P.A., as Special Counsel, this fee sought is a contingency fee equal to forty percent (40%) of the net proceeds recovered, which equals $11,392.01, plus $17.55 in costs. In addition, WHWW requests payment of $5,199 related to the hourly work related to the avoidance of the judgment lien. WHWW was at risk of not being paid at all times.

      g.    <u>Time Limitations Imposed by the Client or Other Circumstances</u>: There were no limitations imposed by the client or other circumstance.

      h.    <u>Amount Involved and Results Obtained</u>: WHWW was able to assist the Trustee in recovering $28,480.03 for the benefit of the estate, which represents twenty-five percent (25%) of the net proceeds from the sale of the Real Property, plus $5,199.00, to compensate WHWW for the hourly work.

      i.    <u>Nature and Length of the Professional Relationship with the Client</u>: This factor is not relevant under the circumstances of this case.

  j. <u>Awards in Similar Cases</u>:  To the best of WHWW's knowledge, the amount sought is within the range of awards in similar cases.

 18. In providing these professional services, a conscious effort has been made by WHWW not to internally over-staff the case.  Wherever possible, associate and paralegal time was used.

 19. The contingency and hourly fees requested by Ryan E. Davis and the firm of Winderweedle, Haines, Ward & Woodman, P.A., is reasonable and well within the range of fees normally charged for services of this kind rendered in similar cases.

 WHEREFORE, WHWW requests that it be allowed compensation in the amount of $16,591.01and reimbursement of expenses in the amount of $17.55, for a total award sought of $16,608.56.

 I, Ryan E. Davis, Esquire, certify under penalty of perjury that the information contained in the foregoing Application and all exhibits is true and correct to the best of my knowledge, information and belief.

 Dated January 17, 2018.

<u>/s/ Ryan E. Davis</u>
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD**
 **& WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL  32790-0880
Telephone:  (407) 423-4246
Facsimile:  (407) 645-3728
Attorneys for Trustee

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on January 17, 2018, a true and correct copy of the foregoing has been sent via:

*CM/ECF to:*

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL  32801
Arvind Mahendru, Trustee, 5703 Red Bug Lake Road, Suite 284, Winter Springs, FL 32708
Larry D. Shenise, Esquire, PO Box 471, Tallmadge, OH 44278
John J. Tripodi, Esquire, The Tripodi Law Firm, PA, 1516 E. Colonial Drive, Suite 305, Orlando, FL 32803

*US Mail to:*

Charles R. Douglas and Rosemary A. Douglas, 3441 Dixon Lane, The Villages, Florida 32162

                                              */s/ Ryan E. Davis*
                                              RYAN E. DAVIS



$16,591.01 ⟨ $11,392.01 cont
$5,199.00 Adv
$17.55 exp.
$16,608.56

## WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.
P.O. BOX 880
WINTER PARK, FLORIDA 32790-0880
(407)-423-4246

January 11, 2018
Arvind Mahendru, Esq.
5703 Red Bug Lake Road, Suite 284
Winter Springs, FL 32708

## TRANSACTION DETAIL

Matter ID: 80553.01  
Client ID: 25761CLI  
Arvind Mahendru, Esq. Trustee v. Douglas (SUTTON)

Matter Producer: RD

Federal ID # 59-1295597

**For Professional Services Rendered:**

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 05/30/2017 | RD | Drafting Letter to Sutton's Counsel regarding Violation of Stay and Discharge Injunction. | 1.00 hr | $345.00 |
| 06/01/2017 | TMH | Prepare draft of correspondence to Randy Hillman. | 0.20 hr | $22.00 |
| 06/05/2017 | RD | Research Ability to Recover Damages for Stay Violation (.6) Revise and Finalize Demand Letter to Sutton (.7) Correspondence with Shenise regarding Stay Violation Issue (.2) | 1.50 hr | $517.50 |
| 06/06/2017 | RD | Telephone Conference with Client regarding Discharge Injunction Violation. | 0.10 hr | $34.50 |
| 07/26/2017 | RD | Drafting Adversary Proceeding for Stay Violation. | 1.00 hr | $345.00 |
| 07/27/2017 | RD | Continue Drafting Complaint for violation of Discharge Injunction (.9) Correspondence to Shenise regarding Judgment Lien Certificate (.1). | 1.00 hr | $345.00 |
| 07/28/2017 | RD | Drafting Complaint to Void Judgment Lien and for Damages. | 0.70 hr | $241.50 |
| 08/08/2017 | RD | Review Complaint regarding Discharge Count (.2); Correspondence with Opposing Attorney regarding Revising Complaint, Judgment Lien and Listing (.2) | 0.40 hr | $138.00 |
| 09/28/2017 | TMH | Review Complaint; review and organize exhibits for filing. | 0.30 hr | $33.00 |
| 09/28/2017 | RD | Conference with Sherise regarding Strategy to Avoid Lien (.3) Finalize Adversary Proceeding Complaint (.6) Correspondence with Opposing Attorney regarding Complaint and Motion (.1) | 1.00 hr | $345.00 |
| 10/02/2017 | RD | Telephone Conference with Client regarding Adversary Proceeding's Motion to Show Cause. | 0.20 hr | $69.00 |
| 10/03/2017 | RD | Review Issuance of Summons. | 0.20 hr | $69.00 |
| 10/03/2017 | TMH | Try to locate updated address for Sutton; Prepare Certificate of Service of Sutton. | 0.30 hr | $33.00 |
| 10/04/2017 | RD | Correspondence with Opposing Attorney regarding Purchase of Interest and Financials of Bilt-Rite. | 0.20 hr | $69.00 |
| 10/04/2017 | RD | Work on File regarding Service of Adversary Proceeding. | 0.20 hr | $69.00 |
| 10/24/2017 | RD | Correspondence with Opposing Attorney regarding Status of Lien and Complaint. | 0.20 hr | $69.00 |
| 10/25/2017 | RD | Review Opinion of Title Company (.1) Correspondence with Shenise regarding Same (.1) | 0.20 hr | $69.00 |
| 10/26/2017 | RD | Telephone Conference with Shenise regarding Status of Action and Default. | 0.20 hr | $69.00 |
| 11/06/2017 | TMH | Prepare Motion for Entry of Default against Rodd Sutton; prepare Affidavit of Ryan Davis regarding same. | 0.60 hr | $66.00 |
| 11/07/2017 | RD | Draft Motion for Clerk's Default; Review and Revise Affidavit in Support of Motion. | 0.50 hr | $172.50 |
| 11/10/2017 | RD | Telephone Conference with Shenise regarding Motion to Set Aside Judgment Lien; | 0.40 hr | $138.00 |



EXHIBIT "A"

Matter ID:   80553.01

Federal ID #   59-1295597

**For Professional Services Rendered:**

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| | | Work on File regarding Order and Final Judgment. | | |
| 11/10/2017 | TMH | Work on File; Prepare Motion for Default FJ; prepare Order granting Motion for Default FJ; prepare Default FJ. | 1.50 hr | $165.00 |
| 11/13/2017 | RD | Drafting Motion for Entry of Final Default Judgment (1.0)<br>Research regarding Whether Judgment Lien is Void (.5)<br>Drafting Order and Final Judgment (.5) | 2.00 hr | $690.00 |
| 11/16/2017 | RD | Review Order Vacating Clerk's Entry of Default. | 0.20 hr | $69.00 |
| 11/20/2017 | RD | Review Order on Motion for Default Judgment. | 0.20 hr | $69.00 |
| 11/20/2017 | RD | Review and Execute Military Service Affidavit; Work on File regarding Affidavit of Mahendru in Support of Default Judgment. | 0.20 hr | $69.00 |
| 11/20/2017 | TMH | Prepare Affidavit of Trustee in Support of Motion for Partial Final Default Judgment. | 0.30 hr | $33.00 |
| 11/20/2017 | TMH | Prepare Affidavit of Non-Military Service; prepare Amended Motion for Entry of Default. | 0.50 hr | $55.00 |
| 11/22/2017 | RD | Finalize Renewed Motion for Default Judgment, Proposed Order and Proposed Final Judgment (.6)<br>Correspondence regarding Closing (.2) | 0.80 hr | $276.00 |
| 11/22/2017 | RD | Review Entry of Default. | 0.10 hr | $34.50 |
| 11/27/2017 | RD | Revise Affidavit of Trustee; Correspondence with Trustee regarding Same. | 0.30 hr | $103.50 |
| 11/28/2017 | RD | Review Order Granting Motion for Default Judgment; Correspondence to Shenise regarding Same. | 0.30 hr | $103.50 |
| 11/28/2017 | TMH | Prepare Proof of Service of Order Approving Renewed Motion for Default FJ. | 0.30 hr | $33.00 |
| 11/29/2017 | RD | Review and Execute Proof of Service regarding Order. | 0.20 hr | $69.00 |
| 11/29/2017 | TMH | Correspondence to Larry Shenise regarding certified copy of Order Granting Renewed Motion for Partial Default Final Judgment. | 0.20 hr | $22.00 |
| 12/04/2017 | TMH | Prepare Proof of Service of Partial Default Judgment. | 0.30 hr | $33.00 |
| 12/06/2017 | RD | Review Entry of Partial Final Judgment; Correspondence to Shenise regarding Final Judgment. | 0.20 hr | $69.00 |
| 12/06/2017 | RD | Review and Execute Proof of Service regarding Final Judgment. | 0.10 hr | $34.50 |
| | | Total Professional Services: | | $5,187.00 |

**For Disbursements Incurred:**

| Date | Description | Amount |
|---|---|---|
| 11/29/2017 | Check # 82126 Clerk of U.S. Bankruptcy Court - Orlando; Disbursement for E112; Court Fees | $12.00 |
| 12/14/2017 | Check #82323 to FedEx for Invoice #6-014-71225 | $19.50 |
| | Total Disbursements Incurred: | $31.50 |

### INVOICE SUMMARY

| Producer | Role | Rate | Hours | Amount |
|---|---|---|---|---|
| Ryan Davis | PARTNER | $345.00 | 13.60 | $4,692.00 |
| Toni Higgens | PARA-LEGAL | $110.00 | 4.50 | $495.00 |

Matter ID:  80553.01

Federal ID #  59-1295597

|  |  |  |
|---|---|---|
| For Professional Services: | *18.10* Hours | *$5,187.00* |
| For Disbursements Incurred: |  | *$31.50* |
| Total Charges: |  | *$5,218.50* |

**Please return one copy of this Invoice with your payment.  Thank you.**